UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MATTHEW OSCAR,

        Plaintiff,

vs.

        Civil Action No. _____

NOBLE SALES CO., INC. d/b/a
NOBLE SUPPLY & LOGISTICS,
a Foreign Profit Corporation,

        Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Noble Sales Co., Inc. d/b/a Noble Supply & Logistics ("Noble"), by counsel, hereby removes this action from the Seventeenth Judicial Circuit, in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division based on diversity jurisdiction. The grounds for removal are as follows:

**I.**    **BACKGROUND**

1. On March 5, 2021, Plaintiff Matthew Oscar filed a Complaint against Noble in the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. CACE21-004754. Copies of all process, pleadings, motions, and orders from the state court file are attached as Exhibit A.

2. Noble was served with the Summons and Complaint on March 9, 2021. This Notice of Removal, filed within 30 days of service of the Complaint, is timely pursuant to 28 U.S.C. § 1446(b)(1).

3. This action against Noble could have been originally filed in this Court pursuant to 28 U.S.C. § 1332.

## II. DIVERSITY OF CITIZENSHIP JURISDICTION

4. This Court has diversity jurisdiction over the claims raised in the Complaint pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the valid parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

*Diversity of Citizenship*

5. Oscar worked for Noble in Broward County, Florida (Compl. ¶ 2), and is a resident of Florida. Exhibit B, ¶ 5.

6. Noble was incorporated in Massachusetts and has its principal place of business is in Massachusetts. Exhibit B, ¶ 3; Compl. ¶ 3 (stating that Noble is a "foreign profit corporation").

7. Therefore, complete diversity of citizenship existed between Plaintiff (Florida) and Noble (Massachusetts) at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

*Amount in Controversy*

8. In the Complaint, Plaintiff seeks an unspecified amount of damages exceeding $30,000, in addition to statutory attorney's fees. Compl. ¶ 7. When a plaintiff does not plead a specific amount of damages, a defendant wishing to remove the complaint from state court must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Rowe v. U.S. Bancorp*, 569 F. App'x 701, 703 (11th Cir. 2014) (citing *Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001)).

9. To determine the amount in controversy, district courts "may use their judicial experience and common sense." *Diaz v. Big Lots Stores, Inc.*, No. 5:10-CV-319-OC-32JBT, 2010

WL 6793850, at *2 (M.D. Fla. Nov. 5, 2010)) (citing *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1062 (11th Cir. 2010)). And they must "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010). "The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied.'" *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

10. In this case, the type and extent of damages sought by Plaintiff demonstrates that, on its face, the Complaint seeks an amount significantly higher than $75,000.

11. Plaintiff alleges that he was wrongfully terminated by Noble in retaliation for objecting to Noble's alleged violations of law. Compl. ¶ 20. Plaintiff alleges that he was terminated on October 7, 2020. Compl. ¶ 30. He claims entitlement to "lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses." Compl. ¶ 33.

12. Plaintiff's annual salary for 2020 was $77,446.46, for an average of approximately $6,453.87/month. Exhibit B, ¶ 4. In addition, Plaintiff's benefits amounted to approximately $1,731.77/month in compensation. Exhibit B, ¶ 4. Plaintiff's total compensation equals approximately $8,185.64.

13. Plaintiff's alleged lost wages began on October 7, 2020, and "back pay for purposes of amount in controversy requirement should be calculated to the date of trial." *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011); *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1347 (11th Cir. 2000) (stating that in wrongful termination suits, "a successful

3

plaintiff receives back pay from the date of his or her termination to the date of trial"); *Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (affirming district court finding that amount in controversy exceeded threshold based, in part, on calculation of back pay through date of trial); *Penalver v. Northern Electric, Inc.,* No. 12-80188, 2012 WL 1317621, at *2 (S.D. Fla. April 17, 2012) ("First, for purposes of the amount in controversy requirement, back pay should be calculated from the date of the adverse employment action until the date of trial"); *Leslie v. Conseco Life Ins. Co.*, No. 11-81035-CIV, 2012 WL 4049965, at *3 (S.D. Fla. Sept. 13, 2012) (same).

14. Even if the amount-in-controversy was solely based on an award of back pay, which it should not be, the amount-in-controversy would exceed the $75,000 requirement after less than 9.5 months ($8,185.64 x 9.5 = $77,763.58). It has already been 6 months since Plaintiff's termination. Presuming this case is assigned to the "Standard Track" per the Local Rules, the discovery-phase will continue for 6 to 9 months. *See* Southern District of Florida Local Rule 16.1(a)(2)(B) (providing for between 180 and 269 days for discovery in cases assigned to the "Standard Track"). At the earliest, trial will not occur until a few months after the end of discovery. Thus, the potential back pay award alone exceeds the requisite amount in controversy.

15. Of course, Plaintiff also claims other compensatory damages, including "humiliation" and "pain and suffering." Compl. ¶ 33. An award for of compensatory damages could easily match an award for economic damages. *Barnes v. JetBlue Airways Corp.*, No. 07-60441, 2007 WL 1362504, at *2 (S.D. Fla. 2007 May 7, 2007) ("With $33,400 in economic damages, perhaps $30,000 in compensatory damages, and more than $20,000 in attorney's fees, the total could reasonably exceed $75,000."). This further increases the amount in controversy above $75,000. *See Brown v. Cunningham Lindsey U.S., Inc.*, 305-CV-141J32, 2005 WL 1126670,

at *5 (M.D. Fla. May 11, 2005) (including possible emotional distress damages in amount in controversy).

16. Lastly, Plaintiff is seeking statutory attorney's fees under the Florida Whistleblower Act, Section 448.104, Florida Statutes. Compl. ¶ 33. As such, attorneys' fees should be considered in the jurisdictional amount. *See Brown v. Cunningham Lindsey U.S. Inc.*, 2005 U.S. Dist. LEXIS 38862, at *12 (M.D. Fla. May 11, 2005) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."). Thus, Plaintiff's attorney's fees are further evidence that the amount in controversy exceeds $75,000. *See DO Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 984 F. Supp. 2d 1342, 1346 (S.D. Fla. 2013) (calculating potential attorney's fees through trial); *Moshiach Cmty. Ctr. 770, Inc. v. Scottsdale Ins. Co.*, No. 17-62352-CIV, 2018 WL 6308671, at *2 (S.D. Fla. Jan. 23, 2018) (calculating potential attorney's fees through trial and finding they will "far exceed $20,000").

17. Relying on judicial experience, the Court should have no difficulty determining that these damages push the total well above the threshold amount. *See Cowan v. Genesco, Inc.*, No. 3:14-CV-261-J-34JRK, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014) (determining jurisdictional threshold was met because, in addition to almost $45,000 in back pay, plaintiff sought compensatory and punitive damages, as well as attorneys' fees).

18. As further evidence of the amount in controversy, Plaintiff has already made a settlement demand far exceeding $75,000. *See Galano v. Target Corp.*, No. 1:17-CV-20439, 2017 WL 7803809, at *3 (S.D. Fla. Nov. 13, 2017), *report and recommendation adopted*, No. 17-20439-CIV, 2018 WL 1143841 (S.D. Fla. Jan. 22, 2018) ("Pre-suit settlement demands can be considered in determining whether a case meets the required amount in controversy.").

19. He claims entitlement to $165,000, "based on Mr. Oscar's two year wage." Exhibit C.[1] Plaintiff's settlement demand, which is based on a calculation of his alleged back pay award, "clearly demonstrate[s] that the minimum jurisdictional amount has been met in this case." *Hardesty v. State Farm Mut. Auto. Ins. Co.*, No. 609-CV-735-ORL-31KRS, 2009 WL 1423957, at *3 (M.D. Fla. May 18, 2009).

20. Accordingly, the amount of controversy requirement has been satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Removal of this case is, therefore, proper under 28 U.S.C. §§ 1441(b) because there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### III. VENUE

21. Venue is proper in this Court because this district encompasses the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, the forum from which the case has been removed. *See* 28 U.S.C. § 1441(a).

### IV. NOTICE

22. Concurrent with filing this Notice of Removal, Noble will file a Notice to State Court of Removal to Federal Court with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida and will attach a copy of this Notice of Removal thereto. A copy of the Notice to State Court of Removal to Federal Court is attached hereto as Exhibit D.

---

[1] Federal Rule of Evidence 408, which makes an offer of compromise inadmissible, does not preclude defendant from using a demand letter to establish the amount in controversy for removal purposes. *See Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003).

V. **MISCELLANEOUS**

23.     This action has not previously been removed to federal court.

24.     Noble reserves the right to amend its Notice of Removal to cure any procedural defects or correct any errors, or as otherwise appropriate.

25.     If any questions arise as to the propriety of the removal of this action, Noble requests the opportunity to present a brief and argument in support of its position that this case is removable.

Dated: April 7, 2021.

                                                     McGuireWoods LLP

                                                   */s/ Cameron G. Kynes*
                                                   Thomas R. Brice
                                                   Florida Bar No.: 0018139
                                                   tbrice@mcguirewoods.com
                                                   Cameron G. Kynes
                                                   ckynes@mcguirewoods.com
                                                   Florida Bar No.: 0116711
                                                   50 North Laura Street, Suite 3300
                                                   Jacksonville, Florida 32202
                                                   (904) 798-3200 (Phone)
                                                   (904) 798-3207 (Facsimile)

                                                   *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by E-Mail on April 7, 2021 to the following:

Noah E. Storch, Esq.
David M. Nudel, Esq.
Richard Celler Legal, P.A.
10368 W. State Road 84, Suite 103
Davie, Florida  33314
noah@floridaovertimelawyer.com
david@floridaovertimelawyer.com
indira@floridaovertimelawyer.com


/s/  *Cameron G. Kynes*
Attorney