UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60759-RAR

**MATTHEW OSCAR**,

    Plaintiff,

v.

**NOBLE SALES CO., INC.**,

    Defendant.
_____/

## ORDER DENYING MOTION TO REMAND

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand [ECF No. 16] ("Motion"). Having reviewed the Motion, Defendant's Response [ECF No. 20], and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **DENIED** as set forth herein.

## BACKGROUND

On March 5, 2021, Plaintiff filed an action in state court against Defendant, his former employer, alleging that he was wrongfully terminated for objecting to Defendant's alleged violations of law. *See* Notice of Removal [ECF No. 1] ¶¶ 1, 11. Plaintiff's Complaint pleads one count of unlawful retaliation under Florida's Whistleblower Act ("FWA"), Fla. Stat. section 448.104. *See* Compl. [ECF No. 1-2] at 9. Plaintiff's Complaint seeks "front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees . . . ." *Id.* at 10. Defendant removed the action to this Court on April 7, 2021. *See* Notice of Removal.

The parties do not dispute that diversity of citizenship exists because Defendant is incorporated and has its principal place of business in Massachusetts, while Plaintiff resides in

Coral Springs, Florida. *Id.* ¶¶ 6-7. However, the parties dispute whether the amount in controversy meets the $75,000 jurisdictional threshold. Defendant argues that the amount in controversy requirement is satisfied because: (i) Plaintiff earned $8,185.64 each month while employed by Defendant—and therefore his potential back pay award would cross the $75,000 threshold approximately 9.5 months after his October 7, 2020 termination date (*i.e.*, by the end of July of 2021); (ii) Plaintiff also seeks attorneys' fees provided by statute and other compensatory damages; and (iii) Plaintiff made a $164,000 settlement demand on November 12, 2020. *Id.* ¶¶ 14-19.

In the Motion, Plaintiff insists that the amount in controversy is not satisfied because: (i) based on the monthly earnings calculated by Defendant, "Plaintiff's back pay damages to date total only $44,686.65" and the amount in controversy must be established at the time of removal (Mot. at 1); (ii) attorneys' fees should not be included in the amount in controversy because those figures would be purely speculative (*Id.* at 4); (iii) Plaintiff's requests for compensatory damages and front pay are too nebulous to meet Defendant's burden (*Id.* at 5); and (iv) Plaintiff's initial settlement demand cannot be treated as "an absolutely reasonable assessment of the value of the claim" (*Id.* at 7).

## LEGAL STANDARD

When a party removes a case to federal court, the removing party must prove, by a preponderance of the evidence, that the district court has subject matter jurisdiction and the removal is timely. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). A federal court has subject matter jurisdiction over cases involving a federal question or where the parties are completely diverse and the amount in controversy exceeds $75,000, not including costs and fees. 28 U.S.C § 1331; 28 U.S.C. § 1332(a)(1). "The substantive jurisdictional requirements of removal do not limit the types

of evidence that may be used to satisfy the preponderance of the evidence standard[;]" rather, "[d]efendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper." *Pretka,* 608 F.3d at 755. "A court's analysis of the [amount in controversy] requirement focuses on how much is in controversy at the time of removal, not later." *Id.* at 752.

"Where[] . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* (citation omitted). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320-21 (11th Cir. 2001). It is "impermissible speculation for a court to hazard a guess on the jurisdictional amount in controversy without the benefit of any evidence [on] the value of individual claims." *Pretka*, 608 F.3d at 752 (citing *Lowery*, 483 F.3d at 1220) (internal quotations omitted) (alteration in original).

"[H]owever, when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence" the court may rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine that the amount in controversy requirement is satisfied. *Id.* at 754. Simply put, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.*

## **ANALYSIS**

Here, the Court finds that Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. As an initial matter, although the Court acknowledges

that some courts in this circuit calculate back pay damages through the potential trial date, this Court agrees with those that have found such an approach too speculative and have instead calculated back pay damages through the date of removal. *See Hardman v. Zale Delaware, Inc.*, No. 16-62826, 2017 WL 759023, at *3 (S.D. Fla. Feb. 28, 2017); *Clinch v. C&S Wholesale Servs., Inc.*, No. 20-23737, 2020 WL 6364312, at *2 (S.D. Fla. Oct. 29, 2020). At the time of removal—April 7, 2021—Plaintiff's back pay damages were approximately $49,113.84 ($8,185.64 x 6 months).

As this Court explained in a prior Order, the Eleventh Circuit has held that "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Lacombe v. Geovera Specialty Ins. Co.*, No. 20-61016, 2020 WL 6079273, at *2 (S.D. Fla. July 23, 2020) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)). However, the Eleventh Circuit has not opined on whether the amount of attorney's fees included in the amount in controversy is the amount accrued at the time of removal or the prospective amount of attorney's fees required to litigate the entire case—and courts in this circuit are divided on this issue. *Id.* In *Lacombe*, after considering the intra-circuit split, this Court concluded that only fees incurred at the time of removal should be included in the amount-in-controversy calculation. *Id.* Although Plaintiff has provided Defendant's counsel's hourly fee ($450/hour) and indicated that a "mere 56 hours of billable time" would put Plaintiff's attorneys' fees at $25,000, the Court is unwilling to speculate as to how many hours Plaintiff's attorneys worked on this case pre-removal to determine if the attorneys' fees combined with the back pay calculated above satisfy the amount in controversy.

However, the Court finds that Plaintiff's settlement demand of $164,000—together with the rest of the evidence that Defendant has presented—is sufficient to establish the $75,000

jurisdictional requirement. Although a settlement demand will not suffice if it is merely "puffing and posturing," *Beauliere v. JetBlue Airways Corp.*, No. 20-60931, 2020 WL 6375170, at *2 (S.D. Fla. Oct. 29, 2020), here the settlement demand states that it is based on a two-year calculation of Plaintiff's back pay, which is specific enough to provide a reasonable assessment of the value of Plaintiff's claim.[1] Relying on common sense and "reasonable deductions, reasonable inferences, or other reasonable extrapolations," the Court concludes that Defendant has met its burden with respect to the amount in controversy and that a remand to state court is unwarranted.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [ECF No. 16] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of August, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Indeed, at this time, Plaintiff's back pay since the date of his termination—using the $8,185.64 monthly rate—has already exceeded $75,000, and on top of that Plaintiff is seeking attorneys' fees and other compensatory damages.